IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>JOSE PERALTA, MIGUEL )<br>LORIA and RICHARD VARELA. )<br>_____) | Criminal Case No. 3:08cr233 |
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>vs. )<br>)<br>)<br>MARINO MARTINEZ. )<br>)<br>_____) | Criminal Case No. 3:08cr237 |

**ORDER OF CONSOLIDATION AND CONTINUANCE**

**THESE MATTERS** came before the Court on reassignment.

There are pending in the case of <u>United States v. Peralta, *et. al*</u>., Criminal Case No. 3:08cr233, a Motion to Reassign a Related Case [Doc. 28, filed January 26, 2009] which contains a request for consolidation of the two cases and the Government's Motion to Continue [Doc. 29, filed January 28, 2009]. The same motions were filed in <u>United States v.</u>

Martinez, Criminal Case No. 3:08cr237. [Doc. 11, filed January 26, 2009; Doc. 12, filed January 28,2009].

The Martinez case has been reassigned to the undersigned by Chief United States District Court Judge Robert Conrad. As a result, it is appropriate to consider whether the two cases should be consolidated for pre-trial and trial proceedings. Federal Rule of Criminal Procedure 8(a) provides that two or more offenses may be charged in the same indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute partes of a common scheme or plan." Rule 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b). A review of the indictments in each case discloses that the offenses charged in each case are of the same or similar character and are based on the same act or transaction, or the same series of acts or transactions. In fact, it is alleged that the Defendants in both cases were involved in the same conspiracy. [Doc. 3, Case No. 3:08cr233, filed November 19, 2008; Doc. 3, Case No. 3:08cr237, filed November 19, 2008]. In addition, the defendants in each case have been charged with the same acts or series of acts, the same

transactions or series of transactions constituting the same offenses. [Id.].

Federal Rule of Criminal Procedure 13 provides that a "court may order that separate cases be tried together as though brought in a single indictment ... if all offenses and all defendants could have been joined in a single indictment[.]" Since that is the case here, consolidation is appropriate. See, *e.g.*, United States v. Haney, 914 F.2d 602 (4th Cir. 1990).

The Court finds that the motion to continue is also well taken. Counsel cites the voluminous discovery in the cases which involve millions of dollars of alleged fraudulent tax returns implicating numerous victims. The Court finds that the case qualifies as a complex case and that it is unreasonable to expect adequate preparation by the presently set trial date. 18 U.S.C. §3161(h)(8)(B)(ii). In addition, the Court finds that a failure to continue the case would deny counsel for the Defendants as well as for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(8)(B)(iv). Moreover, the Government advises that the parties most likely will be able to enter into plea bargains if the case is continued. Therefore, the Court further finds that a failure to grant the requested continuance would result in a miscarriage of justice. 18 U.S.C.

§3161(h)(8)(B)(i).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. §3161(h)(8)(A).

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Reassign a Related Case [Doc. 28, Criminal Case No. 3:08cr233; Doc. 11, Criminal Case 3:08cr237] is hereby **GRANTED in part** and the two cases are hereby **CONSOLIDATED** with Criminal Case No. 3:08cr233 designated as the lead case; to the extent that the Motion sought reassignment to Judge Conrad, that portion of the Motion is **DENIED**; and

**IT IS FURTHER ORDERED** that the Government's Motion to Continue [Doc. 29, 2009, Criminal Case No. 3:08cr233; Doc. 12, Criminal Case No. 3:08cr237] is hereby **GRANTED** and this matter is hereby continued from the February term in the Charlotte Division.

The Clerk of Court is instructed to administratively close Criminal Case No. 3:08cr237.

Martin Reidinger
United States District Judge

Signed: January 28, 2009